United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND MCKINNEY,<br><br>   Plaintiff,<br><br>   v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No. 20-cv-06792-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Pending before the Court is Defendants' motion to dismiss in part Plaintiff's complaint. Having reviewed the parties' written submissions, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the December 3, 2020 hearing, and DENIES in part and GRANTS in part the motion.

1. Defendants' Motion to dismiss the First Amendment retaliation claim against Sifuentes and Scott on grounds that Plaintiff sued them in their official capacity and therefore the claim is barred by Eleventh Amendment immunity is DENIED. Although the complaint does not specify, it is presumed that they are sued in their personal capacity. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("We also have presumed that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued."). Defendants' reliance on *McAllister v. Los Angeles Unified Sch. Dist.*, 216 Cal. App. 4th 1198 (2013) is misplaced as there the complaint alleged that the named superintendent "was executing and acting pursuant to the policies, practices, directives and procedures" of the school district. *Id.* at 1209-10.

2. Defendants' motion to dismiss the California Labor Code Section 6310 claim on the grounds that Plaintiff has not sufficient alleged that he complained about unsafe working

1  conditions is DENIED.  Plaintiff has adequately alleged that he complained of unsafe working
2  conditions in his place of employment. (Compl. ¶¶ 18-19, 20, 24);  *see Cabesuela v. Browning-*
3  *Ferris Industries of California, Inc.*, 68 Cal. App. 4th 101, 109 (1998) (holding that the plaintiff's
4  allegations that he was terminated as a result of complaining of long driving hours, which he
5  reasonably believed to create a hazard to drivers, was sufficient to withstand a demurrer).

6      *Creighton* is inapposite as there the plaintiff did not allege that contaminated water posed a
7  health risk to him and his place of employment; instead, the plaintiff alleged that the water "posed
8  a public health risk to the residents of the City of Livingston."  *Creighton v. City of Livingston*,
9  628 F. Supp. 2d 1199, 1222 (E.D. Cal. 2009).   Here, in contrast, Plaintiff alleges that the water
10 posed a health risk to the students and faculty of McClymonds, which was his place of
11 employment.  (Compl. ¶¶ 14, 18-20, 22, 24-25.)  Plaintiff also alleges that despite knowledge of
12 the water contamination, OUSD failed to remediate the problem and kept it a secret from the
13 public, including students and parents, for a year.  (*Id.* ¶¶ 18-20, 24-26, 39.)  These allegations
14 plausibly support an inference that OUSD maintained a hazardous or unsafe working environment
15 for Plaintiff about which Plaintiff complained.

16     Plaintiff's opposition suggests that his claim is also based upon his complaints about the
17 moldy basement office.  While he sufficiently alleges that he complained about the moldy office,
18 (Compl. ¶ 52), he does not allege facts that plausibly support an inference that he was terminated
19 or otherwise discriminated against for those complaints.  Thus, to the extent the Labor Code 6310
20 claim is also based on the moldy office complaint, it is dismissed with leave to amend.

21     3. Defendants' unopposed motion to dismiss Plaintiff's sixth and seventh FEHA
22 causes of action is GRANTED without leave to amend.

23     4. Plaintiff's amended complaint, if any, must be filed within 20 days of this Order.
24 The Court will hold an initial case management conference on January 21, 2021 at 1:30 p.m. via
25 Zoom video.  A joint case management conference statement is due one week in advance.

26     This Order disposes of Docket No. 9.

**IT IS SO ORDERED.**

Dated: December 1, 2020

                                                                                       _____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge